**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:46 AM April 13, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| THOMAS E. WEST AND | ) CASE NO. 12-60951 |
| LISA D. WEST, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION (NOT** |
| | ) **INTENDED FOR PUBLICATION)** |
| | ) |

Now before the court is Debtors' motion to transfer venue to the divisional office located in Akron, Ohio. Debtors cite Federal Rule of Bankruptcy Procedure 1014(a)(2) as the basis for their request. No notice of the motion was provided.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### DISCUSSION

There is no dispute that the proper venue for this case is the Northern District of Ohio. 28 U.S.C. § 1408. Nor does anyone challenge that this case was appropriately assigned to the

Eastern Division, Canton, in accordance with Local Bankruptcy Rule 1071-1. Relying on Federal Rule of Bankruptcy 1014(a)(2), Debtors seek to move this case from Canton to Akron.

Debtors' reliance on Rule 1014(a) is misplaced. That rule governs the inter-district transfer of cases. Debtors request is for an intra-district reassignment of the case. The only guidance for reassignment of cases is found in Local Bankruptcy Rule 1073-1(d) which states:

> *Reassignment*. Nothing in the Local Bankruptcy Rules shall preclude the reassignment of cases, proceedings, or matters from one Judge to another Judge with the consent of both Judges.

The rule simply provides that reassignment is permissible with the consent of both judges but provides no guidance on the standard a court should employ in reassigning a case. In the absence of any guidance on an appropriate standard, the court will rely on the analysis used under Rule 1014. In order to succeed in transferring a case, the rule requires a party to demonstrate that transfer is either "in the interest of justice or for the convenience of the parties."

As the movants seeking the transfer, the burden of proof is on the debtors. Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.), 596 F.2d 1239, 1241 (5th Cir. 1979). Transfer is within the discretion of the court. GEX Kentucky, Inc. v. Wolf Creek Collieries Co. (In re GEX Kentucky, Inc.), 85 B.R. 431 (Bankr. N.D. Ohio 1987). "Transfer should be exercised cautiously where a case is commenced in the proper venue." In re Weatherly Frozen Food Group, Inc., 133 B.R. 862, 867 (Bankr. N.D. Ohio 1991) (citation omitted).

Here, Debtors propose to disrupt assignment made in accordance with the code and rules to move the case. As grounds for the transfer, they state that since Mr. West is a city councilman, transfer is sought "to avoid any semblance of impropriety or undue embarrassment regarding his financial distress." The court finds this insufficient to warrant reassignment.

Courts traditionally consider six factors in determining whether a transfer in the interest of justice is supported:

> 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; 2) whether the interests of judicial economy would be served by the transfer; 3) whether the parties would be able to receive a fair trial in each of the possible venues; 4) whether either forum has an interest in having the controversy decided within its borders; 5) whether the enforceability of any judgment would be affected by the transfer; and 6) whether the plaintiff's original choice of forum should be disturbed.

Bavelis v. Doukas (In re Bavelis), 453 B.R. 832, 873 (Bankr. S.D. Ohio 2011) (citation omitted). Debtors did not address any of these factors and there is simply nothing in the record that shows

reassigning this case to the Akron docket, with its heavier case load, promotes economy or efficiency, which is often viewed as the paramount consideration. <u>Mello v. Hare, Wynn, Newell & Newton, LLP</u>, 2010 WL 2253535 (M.D. Tenn. 2010) (unreported) (citation omitted).  The possibility of publicity is not the equivalent of injustice.

To establish a transfer for the convenience of the parties, courts generally look at the proximity of parties, including creditors, debtors and witnesses, to the court, as well as the location of assets and the economic impact of administration on the estate.  <u>Bavelis</u>, 453 B.R. at 869-70 (citing <u>In re Enron Corp.</u>, 284 B.R. 376, 387 (Bankr. S.D.N.Y. 2002)).  Again, Debtors failed to address any of these considerations.  The court finds that a Herculean effort would be necessary to support a transfer to Akron.  This court is the proper forum.  The debtors reside in this very county and the bulk of the assets are located in this county.  More than one half of both the number and amount of secured creditors and debt are listed with addresses in this county.  Arguments that Akron, the improper forum a mere thirty minutes north, is more convenient, are unavailing.

Debtors have not met their burden of proving transfer is warranted.  The motion will be denied.  An order conforming to this opinion will be entered immediately.

So ordered.

#     #     #

**Service List:**

Thomas E. West
Lisa D. West
625 12th Street N.W.
Canton, OH 44703

Kathryn A. Belfance
One Cascade Plaza
#1500
Akron, OH 44308

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702